[774 NYS2d 244]

In the Matter of MELVIN G. SHAPIRO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 19, 2004

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*John F. Speranza*, Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on April 3, 1961, and maintains offices for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglect. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties stipulated to amend the petition and the answer. After the hearing, the Referee submitted a report, which the Grievance Committee moves to confirm and respondent cross-moves to confirm in part and disaffirm in part. The Grievance Committee thereafter filed a supplemental petition charging respondent with additional, similar acts of misconduct, and respondent filed an answer admitting the material facts.

Respondent admitted that he neglected the matters of numerous clients. He also admitted that he used a retainer form that was not in compliance with the rules governing the conduct of attorneys in domestic relations matters and that he failed to provide clients in domestic relations matters with billing statements at regular intervals.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3])—entering into an arrangement for, charging or collecting a fee that is proscribed by law or rule of court;

DR 6 -101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (c) (2) (22 NYCRR 1200.46 [c] [2])—failing to identify and label properties of a client or third person promptly

upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to the client or third person as requested by the client or third person property in the possession of the lawyer that the client or third person is entitled to receive.

We have considered, in mitigation, that respondent was overwhelmed by his workload after he accepted responsibility for 93 legal files transferred to him by an attorney who was suspended from the practice of law. Additionally, we note that respondent did not act to benefit himself, harmed no clients and cooperated with the Grievance Committee. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be censured.

PIGOTT, JR., P.J., GREEN, HURLBUTT, KEHOE and HAYES, JJ., concur.

Order of censure entered.