[807 NYS2d 902]

# In the Matter of Melvin G. Shapiro, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, February 3, 2006

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*John F. Speranza,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on April 3, 1961, and maintains offices for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglect. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties stipulated to amend the petition and the answer. After the hearing, the referee submitted a report, which the Grievance Committee moves to confirm in part and disaffirm in part, and respondent cross-moves to confirm.

Respondent admitted that he neglected the matters of numerous clients. He also admitted that he used a retainer form that was not in compliance with the rules governing the conduct of attorneys in domestic relations matters and that he failed to provide clients in domestic relations matters with billing statements at regular intervals.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3])—entering into an arrangement for, charging or collecting a fee that is proscribed by law or rule of court; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

By order entered March 19, 2004 (*Matter of Shapiro,* 5 AD3d 52 [2004]), we censured respondent for similar misconduct. We note, however, that most of the misconduct that is the subject of the instant petition occurred during the same time frame as the misconduct for which respondent previously was censured. Additionally, we have considered, in mitigation, the findings of the referee that respondent, following the imposition of the censure,

substantially conformed his retainer forms to the rules and that his failure to provide billing statements at regular intervals resulted from his financial inability to employ secretarial assistance until early in 2005. Finally, we have considered that respondent did not act to benefit himself, harmed no clients and cooperated with the Grievance Committee. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be censured.

SCUDDER, J.P., GORSKI, GREEN, PINE and HAYES, JJ., concur.

Order of censure entered.